JOHN DAVIES AND GERTRUDE C. DAVIES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47771.    Filed December 27, 1954.

*Edward S. Macie, Esq.*, for the petitioner.
*Robert R. Veach, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $1,400.42 in the income tax of the petitioners for 1950. The only issue for decision is whether the Commissioner erred by including in income $8,500 received by Gertrude from the estate of Richard J. Tivnen. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioners are husband and wife. They filed a joint income tax return for 1950 with the collector of internal revenue for the first district of Illinois.

Gertrude C. Davies commenced to work for Dr. Richard J. Tivnen in October 1931 and continued in his employ until his death on August

27, 1946. Her salary during that entire employment was at the rate of $25 per week. She married John Davies during the course of that employment.

Dr. Tivnen was an eye, ear, nose, and throat specialist and had his office at 30 North Michigan Avenue, Chicago, Illinois, and lived at the Chicago Athletic Club, which was a few blocks from his office. Gertrude served the doctor as secretary, nurse, bookkeeper, and general confidential agent. She regularly worked for 9 hours each day 6 days a week, and very often did additional work in the evenings and on Sundays without additional compensation. She and her husband performed other miscellaneous services for Dr. Tivnen, such as chauffeuring him in their automobile without additional compensation.

Gertrude spoke to Dr. Tivnen on several occasions about terminating her employment but each time he put her off by promises that if she stayed he was going to take care of her in his will by an arrangement under which she would never have to work again after he died. Gertrude continued in his employ until his death because she relied on those promises.

Dr. Tivnen was a bachelor, was 73 years of age at the date of his death, and died intestate. Gertrude was not related in any way to him.

Gertrude filed a claim on June 3, 1947, in the Probate Court of Cook County, Illinois, for $60,000 against the Estate of Richard J. Tivnen which had been opened in that court. The claim was stated in the alternative and consisted of four counts which may be summarized as follows:

Count I. The deceased during his lifetime "in consideration of special services rendered and to be rendered" by Gertrude in handling and managing his professional and business affairs and in nursing and caring for him, agreed with her "that he would make a valid will, giving and bequeathing to claimant one-third of his gross personal estate" which amounted to more than $180,000, but he failed to carry out his agreement and died intestate.

Count II. This count is substantially the same as count I except that it alleges that Gertrude was to be given under the will sufficient to support her for the balance of her life, the total gross estate amounted to more than $300,000, and Gertrude would require at least $60,000 to support her for the balance of her life.

Count III. Gertrude, during the life of the deceased "at his special instance and request and on his express promise that he would pay her the reasonable value of said services, rendered divers services in handling and managing his personal, professional, and business affairs, and in nursing and caring for him." The reasonable value of such services was $60,000.

Count IV. Gertrude, during the lifetime of Tivnen, "on his implied promise that he would pay her the reasonable value of said services, rendered divers services in handling and managing his personal, professional, and business affairs and in nursing and caring for him." The reasonable value of such services was $60,000.

Reasonable compensation for Gertrude for the services which she rendered Dr. Tivnen "from the years 1941 to 1946" would have been from $75 to $100 per week.

Gertrude's claim was heard before a judge and a jury in June 1949. The trial lasted approximately a week. The jury was unable to agree upon a verdict and was dismissed. Gertrude settled her claim with the estate out of court for $8,500 before it came up again for trial. The court entered an order to effect the settlement on July 18, 1950, and Gertrude received the $8,500 within that month. She paid in 1950 legal expenses, incurred in connection with the claim, trial, and settlement, in the amount of $3,150.09.

The petitioners reported the settlement in their income tax return for 1950 but did not include the proceeds of the settlement in taxable income.

The Commissioner in determining the deficiency added the $8,500 to gross income, deducted the legal fees and costs in the amount of $3,150.09, and explained: "It has not been shown that any part of the amount received from the Estate of Dr. Tivnen is in satisfaction of claim as a legatee but on the other hand there was a recognition of services to the decedent in the form of a cash settlement, the sum of which constitutes taxable income in the year received."

The petitioners claim that the $8,500 is "in the nature of a gift, bequest, devise or inheritance and (under Sec. 22 (b) (3) of I. R. C.) not subject to income tax." They argue that (1) "Money received from the estate of a decedent in compromise of a claim that the decedent failed to make a will, is within the exemption from Federal Income Tax and constitutes 'an acquisition in the devolution of an estate.'" (2) "Money received in compromise of a claim by virtue of a court order against decedent for failure to make a will is not necessarily compensation for past services, but property acquired by 'inheritance' in the comprehensive sense intended by Congress." (3) "A claimant need not be an heir in order to receive the fruits of a compromise tax free." (4) "Petitioner, as a successful claimant against the estate of the decedent for failure to make a will, has a status as a legatee under the expression 'devise or bequest.'"

The cases which the petitioners cite to support their four points are not authority for the decision of this case. Gertrude was not named in any will of Tivnen so far as this record shows and did not contest any will of his. She was not an heir of Tivnen and did not sue as an

heir. She could not and did not rely upon a mere promise of Tivnen, unsupported by any consideration, to leave her property by his will, but in each count of her claim mentioned some valuable consideration moving from her to Tivnen for whatever she was claiming from his estate. The petitioners cite no case in their favor involving facts similar to those here present.

Actually, Gertrude did not receive the $8,500 or any part of it by bequest, devise, or inheritance from Tivnen. She did not receive anything by inheritance from him because she was not related to him in any way and claimed no relationship, and she did not receive anything by bequest or devise because he left no will. She received the $8,500 as the result of a settlement of a claim against the estate of an intestate. She alleged that her claim was fully supported by consideration in the form of services performed by her and her agreement at his request to continue those services. The amount received, when added to the $25 per week which she had formerly received, was not in excess of reasonable compensation for the services which she rendered. The petitioners have failed to show that any part of the $8,500 was received as a gift or that the determination of the Commissioner is incorrect. *Cole L. Blease*, 16 B. T. A. 972.

*Decision will be entered for the respondent.*