**Abe COHEN, Minnie Cohen, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 24533.**

United States District Court
E. D. Michigan, S. D.

March 29, 1965.

Frank H. Boyer, B. Gerald Bartush, Detroit, Mich., for plaintiffs.

Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., for defendant United States.

McCREE, District Judge.

Plaintiffs, Abe Cohen and Minnie Cohen seek to recover $18,960.93 alleged to have been erroneously assessed and collected as tax on income. The claimed taxable event is the receipt by Abe Cohen in 1957 of 150 shares of stock in the Standard Electric Company.

The taxpayers base their claim on § 102 of the Internal Revenue Code of 1954 (26 U.S.C. § 102, 1958 ed.) which provides in part, "(a) General rule.—Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance."

Plaintiff Abe Cohen, claims that his brother Sam Cohen promised to leave him certain stocks in his will. On Sam's death, Abe found that he was not a legatee under Sam's will. Abe thereupon filed a "Bill for Construction of Will and Specific Performance of Contract," in the Oakland County Circuit Court. Sam Cohen's executrix gave Abe Cohen 150 shares of Standard Electric in settlement of this claim.

The taxpayers rely on the case of Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938) in which a person claiming to be an heir received property in settlement of a will contest. The property was held to be excludable from gross income because it had been received as an "inheritance". In that case the taxpayer was the grandson, and heir of the testator. The Supreme Court said, "There is no question that petitioner obtained that portion, upon the value of which he is sought to be taxed, because of his standing as an heir and of his claim in that capacity." (p. 196, 59 S.Ct. p. 159).

The court found that heirship commanded the settlement agreement.

In the instant case the taxpayers argue in their brief that, "It was his [Abe Cohen's] position as a promised legatee that commanded the settlement he received." However, viewing the pleadings and exhibits in the light most favorable to the plaintiffs I find that it is clearly Abe Cohen's status as a party to

a contract for services, rather than as a claimed legatee that commanded the settlement in the instant case.

The Internal Revenue Code defines gross income as, "all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items;" (26 U.S.C. § 61, 1958 ed.)

Federal tax liability in this case is based on the underlying nature of the claim, the substance, and not the form. The fact that payment was to be made in a testamentary disposition is not controlling.

The facts in the instant case are quite similar to those in Cotnam v. Commissioner of Internal Revenue, 263 F.2d 119, 70 A.L.R.2d 1035 (5th Cir. 1959) where the taxpayer was promised one-fifth of the estate of a Mr. Hunter if she would quit her job, move to Mr. Hunter's city, and "render services and attention * * as an attendant or friend," to Mr. Hunter. Mr. Hunter died without a will and Mrs. Cotnam applied to the state courts to obtain a declaration of the validity of her claim against the estate. The court stated, "The pleadings in the Alabama proceedings shows clearly that Mrs. Cotnam's claim was based on the theory of a contract for services," (263 F.2d p. 122) and further " * * * property is acquired by bequest, within the meaning of the Code, only when actual service is not required as a condition of payment of the legacy." (263 F.2d p. 124). Thus the court concluded that the " * * * judgment in Mrs. Cotnam's favor was correctly taxed as income for personal service 'in whatever form paid'." (263 F.2d p. 125).

Similarly, in the instant case, Abe Cohen was prevailed upon to give up his home and job in Pittsburgh and come to Pontiac. Taxpayers allege in their complaint, "Giving his failing health as a reason, Sam requested Abe to move to Pontiac and assist him in the operation of Standard Electric," (Paragraph 11, Complaint) and further, "Thereupon, as an inducement to Abe, Sam told Abe and Minnie that if Abe would come to Pontiac and assist him in the management and conduct of Standard and thus relieve him from his heavy responsibilities, the shares of stock owned by Sam in Standard would go to Abe upon Sam's death and that Abe's future would be assured." (Paragraph 14, Complaint) Further, in this action taxpayers as in Cotnam, supra, show in their pleadings in the state court that they considered their claim to be based on a contract for personal services. They entitled their action, "Bill for Construction of Will and Specific Performance of Contract," and after reciting the underlying facts, alleged, "Plaintiff, in fulfillment of the contract, as aforesaid, thereupon at deceased's suggestion started work for the Standard Electric Company as sales manager * * *" (Paragraph 10, Bill in Oakland County Circuit Court, No. C28251).

The court in Cotnam, supra, found from the facts therein that the agreement was a contract to make a will in return for personal services to be performed. In the instant case I find that Abe Cohen, as he alleged in the state proceedings and in this complaint, made a contract of similar purport. In the instant case, as shown by the pleadings, there is no other characterization that can be given to the underlying facts. Sam Cohen asked Abe Cohen for companionship and relief from his business responsibilities. In return Sam promised to give as a bequest a valuable consideration of shares of stock to Abe. Abe, reluctant at first, but persuaded, at least in part by Sam's offer, accepted and came to Pontiac. That love and affection combined with the business aspects of the agreement, did not change the ordinary contractual obligations which ensued therefrom. Nickelsburg v. Commissioner of Internal Revenue, 154 F.2d 70 (2nd Cir. 1946).

Since there are no questions of fact to be determined by trial, summary judgment should be entered for defendant. An order may be entered in conformity with this opinion.