JOSEPH M. AND MINNIE MARIANI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4905–66.    Filed February 5, 1970.

*B. W. Minsky*, for the petitioners.
*Stephen W. Simpson*, for the respondent.

OPINION

Respondent's position is that the $39,666.66, the net amount petitioner received in settlement of his suit against his father's estate, constitutes taxable "gross income" under section 63(a).

Petitioner argues that the net sum he received in settlement of his suit was excludable from his gross income under section 102. In general, that section provides that gross income "does not include the value of property acquired by gift, bequest, devise, or inheritance."

Petitioner's suit was nothing more than a claim against the estate. It was based on an alleged agreement with decedent, petitioner's performance of the agreed services, and the breach of the agreement by the decedent. The money received in settlement of the suit was not acquired by gift, bequest, devise, or inheritance within the provisions of section 102. *Ethel West Cotnam*, 28 T.C. 947, affirmed on this point 263 F. 2d 119; *John Davies*, 23 T.C. 524. Petitioner argues on brief that "in the last analysis, it was his position as an heir that brought about the settlement." But the suit did not contest the validity of the will or codicil. The record shows petitioner's two children received bequests under the will. Petitioner did not receive the settlement sum as an inheritance and since he was specifically excluded by the will and its codicil he could not receive anything in the nature of a bequest or devise. He does not argue that he received the settlement sum as a gift from any living donor. Respondent was right in holding the net amount received in settlement of the suit in 1962, or $39,666.66, was not excludable from petitioner's taxable gross income.

Petitioner concludes his argument on brief with a few lines to the effect that if the amount received is not held excludable he should have "the benefit of averaging his back-pay over the entire period that he worked." He cites section 107 (d), I.R.C. 1939, as amended 1943, section 1302 and he also cites section 1303 (a), I.R.C. 1954, as in effect in 1962.[2] Petitioner also cites section 1.1301–1, Income Tax Regs., but he does not point out how any of these statutes or the regulation are applicable to the facts of this case. It is enough to point out that the

---

[2] Prior to the amendment of sec. 1303 by the Revenue Act of 1964 which revised it completely.

**138**

statutes generally limit income averaging to those situations where services were performed in prior years and payment was not made in those years because of certain intervening events. There was no intervening event here. Petitioner's position as claimant was not that he became entitled to payment during the years prior to his father's death. Under this record the $39,666.66 could not be allocated to prior years on any theory that it would have been received during those years except for some intervening event.

*Decision will be entered for the respondent.*