JOSEPH F. KENEFIC and MADELINE KENEFIC, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kenefic v. Commissioner
Docket No. 6505-75.
United States Tax Court
T.C. Memo 1977-310; 1977 Tax Ct. Memo LEXIS 133; 36 T.C.M. (CCH) 1226; T.C.M. (RIA) 770310; September 13, 1977, Filed Sidney Vogel, for the petitioners. Daniel P. Ehrenreich, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency of $2,268.11 in petitioners' Federal income tax for the taxable year ended December 31, 1973. The only issue is whether $9,696 received by petitioners in 1973 in settlement of their suit against the Estate of Hazell O. Schultze is includable in their gross income under section 61(a), I.R.C. 1954, [1] as compensation for services rendered to Mrs. Schultze *134 during her lifetime. All of the facts have been stipulated and are found accordingly. Petitioners Joseph F. and Madeline Kenefic, husband and wife, resided in Wilton, Connecticut, at the time they filed the petition in this case. They filed their joint Federal income tax return for taxable year 1973 with the Internal Revenue Service Center at Andover, Massachusetts. Petitioners were friendly with Mrs. Hazell O. Schultze, who died on November 20, 1970. For several years prior to her death, petitioners performed various services for her. They made plumbing repairs and did other maintenance work on properties she owned. They chauffeured her on shopping trips and on trips to the doctor. They prepared meals for her and cleaned her house. They advanced her money for small purchases. Mrs. Schultze did not compensate petitioners for their labors at the time the services were rendered, but she agreed for these services to cancel the mortgage she held on petitioners' home. Mrs. Schultze's will, however, made no provision for cancellation of the mortgage, *135 which amounted to approximately $26,000 at the time of Mrs. Schultze's death. Petitioners by letter dated January 15, 1971, to the executor of Hazell O. Schultze's estate made a claim for $26,000 against her estate. In their claim they stated: The deceased, on numerous occasions, had promised for services rendered to cancel an existing mortgage from us to the deceased. During the course of years services were rendered to the deceased on the part of both of us for which she promised payment in her will by cancellation of said mortgage. The services rendered over the years included plumbing repairs, chauffering [sic], running errands, advances of small items of cash, meal preparation and housework. The executor rejected this claim in full. Thereafter on October 22, 1971, petitioners filed a suit against the Estate of Hazell O. Schultze in the Superior Court of Connecticut, County of Fairfield. In their complaint they alleged: 2. During the lifetime of said Hazell O. Schultze, she requested the plaintiffs to render services, including, but not limited to, plumbing repairs, chauffeuring, running of errands, advancements of small cash items, preparation of meals, and housework, *136 and promised the plaintiffs that if they would continue to do so during her lifetime she would at her death arrange by her Will for the cancellation of a mortgage upon the home of the plaintiffs held by the deceased and part of her estate. 3. In compliance with said request, and in consideration of the promise described, the plaintiffs rendered services until her death in carrying forth the work described. 4. The said Hazell O. Schultze did not arrange by Will or otherwise to cancel the mortgage as stated. 5. The amount of the mortgage at the date of the death of the said Hazell O. Schultze was Twenty Six Thousand ($26,000) Dollars, and the services rendered by the plaintiffs to the said Hazell O. Schultze, as above set forth, were in reasonable value equal to said amount. * * *
- THE PLAINTIFFS CLAIM - 1. Thirty Five Thousand ($35,000) Dollars damages. 2. A cancellation of the mortgage described in the within complaint. On May 4, 1973, petitioners' suit against the Estate of Hazell O. Schultze was compromised and settled by the parties for the sum of $10,750. The order of the Probate Court approving the settlement determined that petitioners' claim against *137 the estate "ought to be settled for the sum of Ten Thousand Seven Hundred Fifty ($10,750.00) Dollars" and authorized the administrator with will annexed to settle "said claim" for $10,750. After payment of attorney's fees and costs, the net payment to petitioners was $9,696, which they received on May 18, 1973. On their Federal income tax return for 1973 petitioners did not include in their gross income any part of the settlement award. Respondent determined that the net award of $9,696 was includable in their gross income under section 61(a). Petitioners do not argue that the amount received in settlement of their claim against the Estate of Hazell O. Schultze is "property acquired by gift, bequest, devise, or inheritance," which, under section 102(a) is not includable in their gross income. Rather, they claim that because the value of the services they rendered for Mrs. Schultze was significantly lower than the amount they received in compromise of their claim against the estate, [2] part of the settlement award represented "damages" for a wrong which "would not be taxable." *138 Respondent contends that the full amount received by petitioners in settlement of their claim against Mrs. Schultze's estate represents compensation for services rendered, but even if a part of the amount was in the nature of "damages" for breach of a contract to pay for services, the amount received is taxable. We agree with respondent. The claim filed against the estate and the subsequent suit against the estate were for payment for services rendered. While the suit did claim damages, the only basis for claiming such "damages" was the alleged breach of a contract for services. Petitioners' assertion that amounts received as damages for breach of contract are not subject to tax reflects a misapprehension of the law. If in fact any portion of the payment to petitioners was "damages" for breach of contract to pay for services, such "damages" would be a substitute or in lieu of payment for services and therefore taxable income. Raytheon Production Corp. v. Commissioner,144 F.2d 110 (1st Cir. 1944), affg. 1 T.C. 952 (1943). To determine whether an amount received in settlement of a law suit is taxable income, it is necessary to look to the nature *139 of the claim upon which the settlement is based. Hort v. Commissioner,313 U.S. 28 (1941). When the settlement is for a claim for payment for services, the amount paid in the settlement is taxable income if the payment for the services would be taxable income. Amounts recovered from an estate for services rendered to the decedent are income to the claimant and not bequests. Cohen v. United States,241 F.Supp. 740 (E.D. Mich. 1965); Mariani v. Commissioner,54 T.C. 135 (1970); Cotnam v. Commissioner,28 T.C. 947 (1957), affd. on this issue 263 F.2d 119 (5th Cir. 1959); Davies v. Commissioner,23 T.C. 524 (1954). It follows that an amount received in settlement of a suit against an estate which involved only a claim for payment for services rendered is taxable income. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue.↩
2. This position is diametrically opposed to the position petitioners took in their suit against Mrs. Schultze's estate. In their suit against the estate they alleged that the value of their services equaled the amount of the mortgage.↩