### GILMER v. UNITED STATES.
### Civ. A. No. 5172.

United States District Court
S. D. Texas, Houston Division.

May 19, 1950.

888

Nelson Phillips, Jr., of Dallas, Tex., for plaintiff.

L. D. Gilmer, of Houston, Tex., pro se.

Brian S. Odem, U. S. Atty., and W. R. Eckhardt, Asst. U. S. Atty., of Houston, Tex., for defendant.

CONNALLY, District Judge.

This is an action by the plaintiff, trustee, to recover income taxes in the amount of $993.40, paid for the calendar year 1944.

The facts are not in dispute, and the cause has been submitted on the pleadings, stipulated facts, and briefs.

B. B. Gilmer and wife delivered certain personal property to the plaintiff to be held by him in trust, and by written instruments of February 2 and June 7, 1939, the plaintiff acknowledged the trust and set out the terms and conditions under which he held the property. The two instruments refer to different properties, and bear different dates, but otherwise are identical.

Under the terms of such instruments, the trustee enjoys complete and uncontrolled discretion in the management and investment of the trust property. In his discretion, he may accumulate the income, or distribute it to one or more of four named beneficiaries (including the creators, B. B. Gilmer and wife). It is further provided that the vesting of the trust will be determined upon certain conditions and contingencies therein set out.

Gift tax returns were filed at the time the trust was created. Income tax returns have been filed for the trust estate by the trustee each year since its inception. On the death of B. B. Gilmer in 1943, an estate tax return on his estate was filed and tax paid. A deficiency of such estate tax was determined by the Bureau of Internal Revenue, based in part upon the inclusion of all of the assets of the above-mentioned trust in the decedent's taxable estate. The executrix of the estate paid the proposed deficiency.

■ The plaintiff here alleges and contends that, "for federal tax purposes", the trust in question was not and is not a taxable entity. To support this contention, plaintiff alleges in his amended complaint: "As a basis for the inclusion of the assets of the said Trust in the Estate of Bryan Brewster Gilmer, certain of the agents of the Bureau of Internal Revenue first relied on Section 811(c) of the Internal Revenue Code [26 U.S.C.A. § 811(c)]. In subsequent conferences with the Technical Staff of the Bureau, plaintiff was advised by the conferee that it was the conclusion of the Technical Staff that the determination of includibility by prior conferees should be upheld, but that Section 811(a) of the Internal Revenue Code was the applicable provision, that for tax purposes no trust had ever come into being, and that, in effect, for tax purposes the plaintiff was not a trustee but merely an agent or nominee of Bryan Brewster Gilmer and wife."

The stipulation recites that plaintiff has offered testimony in support of these allegations, to which the defendant has objected. I doubt the relevancy or materiality of such testimony, and certainly it would not be binding upon the defendant in the sense that it would in anywise raise an estoppel. Higgins v. Comm. of Int. Rev., 1 Cir., 129 F.2d 237; Comm. of Int. Rev. v. Beck's Estate et al., 2 Cir., 129 F.2d 243.

■ The plaintiff alleges, and asserts forcefully in his brief, that a trust in fact was created and that he is and has been the appointed and acting trustee. He has voluntarily filed income returns annually since 1939. The relationship meets the definition and characteristics of the trust relation set out by the Restatement of the Law of Trusts and by Professor Scott in his work on that subject, Scott on Trusts, Vol. 1, p. 32 et seq. As plaintiff points to nothing in the provisions of the trust instrument for the management or ownership of the trust property, duties of the trustee, or other-

wise, which would exclude this trust from its liability for the tax imposed by Title 26 U.S.C.A., § 161 et seq., I conclude that for income tax purposes in the year 1944 the trust was a taxable entity, and the plaintiff is not entitled to refund.