ETHEL WEST COTNAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 55797.   Filed July 31, 1957.

*Winston B. McCall, Esq.*, for the petitioner.
*Frederick T. Carney, Esq.*, for the respondent.

950

OPINION.

TURNER, *Judge:* The first issue is whether respondent erred by including in income the $120,000 received by petitioner from the estate of Thomas Shannon Hunter. Respondent determined that the amount was gross income within the purview of section 22 of the Internal

Revenue Code of 1939. His position is that petitioner's claim against the estate and her lawsuits which resulted in the judgment for $120,000 were based on a breach of contract by the decedent, Hunter.

Petitioner contends, first, that none of the $120,000 is taxable because it was in the nature of a bequest, and secondly, that if any amount is taxable, then only that amount which she actually received, after her attorneys retained their legal fees, is taxable.

She seeks to invoke section 22 (b) (3), which excludes from gross income "the value of property acquired by gift, bequest, devise, or inheritance." She does not claim to have received a "gift" or an "inheritance," but rather that the amount received was in the nature of a legacy and as such was not income to her.

In support of her contention, the petitioner relies to a large extent on the opinion of the Supreme Court of Alabama in *Merchants National Bank* v. *Cotnam*, 250 Ala. 316, 34 So. 2d 122, which affirmed the judgment she had obtained in the Circuit Court, the parties having incorporated the opinion by reference in their stipulation of facts. Petitioner argues that the holding of the Alabama court was that Hunter "created a trust on his descendable property" to provide a legacy to her to the extent of one-fifth of his estate; that she was entitled to have her status as a legatee declared and adjudged as if a will had been made according to the agreement with Hunter, and that the agreement, "having operation as a will," passed to her one-fifth of the property owned by the decedent at the time of his death.

Petitioner seems to think that under section 216, title 61, of the Code of Alabama, 1940, as amended,[1] she had the right to have her status as a "legatee" declared and adjudged. In the above opinion, the Alabama Supreme Court stated:

We have held that the proceeding under section 216, supra, as amended, was not intended to lead to a personal judgment, but was only for the purpose of

[1] Sec. 216. **When claim disputed either party may demand hearing.**—The personal representative of the estate of a decedent may give notice in writing to the claimant, or anyone having a beneficial interest in a claim against the estate, that such claim is disputed in whole or in part, if in part specifying the part disputed; thereupon the judge of the court having jurisdiction of the administration of the estate shall, on written application of either the personal representative or the claimant, hear and pass on the validity of such claim, or part thereof, first giving ten days' notice of such hearing to the interested parties. If the claimant in such proceeding shall fail to recover upon the disputed part of such claim, he shall be taxed with the costs thereof. This section shall not apply to claims against estates declared insolvent. If the judgment on any such claim is rendered by a probate court, either party may within thirty days after the rendition of such judgment appeal to the circuit court of the county in which the administration of said estate is pending, and the trial of the validity of said claim in said circuit court shall be de novo and upon demand, of either party, filed in the circuit court within thirty days from the taking of said appeal shall be tried by a jury. If the administration of an estate in which a claim is disputed is pending in the circuit court, or court of similar jurisdiction, the trial of the validity of said claim shall be by jury upon demand of either party filed within thirty days after written notice that the claim is disputed. In any event either party may appeal to the supreme court or court of appeals, as the case may be, from the judgment of the circuit court or court of similar jurisdiction, such appeal to be taken within thirty days, and as other appeals are taken.

declaring a status. It is in the nature of a declaratory judgment to determine the validity of the claim which has been filed against the estate. * * *

The judgment in this case was that plaintiff have and recover of defendant. On such a judgment an execution is due to issue ipso facto, and without an order to that effect. * * *

The parties and the court tried this case in the circuit court on appeal as if it were a common law action begun as such. To that extent it does not conform to section 216, supra, but we see no reason why the parties cannot with the consent of the court convert it into such an action and have a personal judgment accordingly rendered. We will therefore not disturb it on account of its nature.

The court, in referring to the agreement petitioner had with Hunter, stated:

We have held that agreements of this kind, when they are not within the statute of frauds, or when the statute of frauds has been complied with, are binding, and "create an equitable right in the nature of a trust enforceable against the personal representative of the deceased as a covenant to stand seized to the use of the promisee." And that "if one in such manner agrees to provide a legacy out of his estate, or a certain sum so payable at his death, his personal representative succeeds to the estate of decedent encumbered with a burden in the nature of a trust to pay the same as contracted by decedent. Such a right being contractual, is not affected by a will or its probate." (While in life he may dispose of his estate.) "But out of what he leaves, which descends or is subject to his will, he has bound himself for a valuable consideration, effective against his personal representative, that his promisee shall have a stipulated sum. He has thereby created a trust on his descendable property to that extent." Those principles have been repeatedly reaffirmed. * * *

A claim for damages for the breach of a contract is also an alternative remedy available to her, * * * and an account for services rendered on a quantum meruit. * * *

The court, in discussing the consideration of the agreement, in part, stated:

There is ample authority to the effect that a promise by the claimant as set out in the amended claim, and in the claimant's pleading in the circuit court, is in terms and on its face such a valuable consideration as will support an agreement on the part of decedent as claimant insists. Such was the legal effect of the agreements held sufficient in several of our cases. * * *

From reading the above excerpts, as well as the opinion itself, we are unable to find any support for petitioner's contention. She had no right under section 216 of the Alabama Code to have a status of "legatee" declared. She could have had the legality of her claim declared. The judgment she obtained was not a declaratory judgment, but was a personal judgment. The action she brought as well as the claim she prosecuted was based on a breach of contract, which contract and breach she proved to the satisfaction of a jury and the courts.

In *John Davies*, 23 T. C. 524, the wife, Gertrude, had performed services in accordance with a similar agreement, the terms of which

were not carried out by the decedent-promisor. She filed her claim against the estate of the decedent and on compromise, after a trial in which the jury could not reach a verdict, received the sum of $8,500. When the Commissioner determined that the money received was income, she presented to this Court contentions similar to those petitioner has presented here. As in the case of petitioner, Gertrude was not named in any will of the decedent and did not contest any will of his. She was not an heir, and did not sue as an heir. She could not and did not rely upon a mere promise of the decedent, unsupported by any consideration, to leave her property by his will, but in her claim mentioned some valuable consideration moving from her to the decedent for whatever she was claiming from his estate. We held that Gertrude did not receive the $8,500, or any part of it, by bequest, devise, or inheritance from the decedent. "She did not receive anything by inheritance from him because she was not related to him in any way and claimed no relationship, and she did not receive anything by bequest or devise because he left no will. She received the $8,500 as a result of a settlement of a claim against the estate of an intestate. She alleged that her claim was fully supported by consideration in the form of services performed by her and her agreement at his request to continue those services. * * * The petitioners have failed to show that any part of the $8,500 was received as a gift or that the determination of the Commissioner is incorrect. *Cole L. Blease*, 16 B. T. A. 972."

The fact that Gertrude's recovery was through a compromise and petitioner's was through a personal judgment is of little moment. Neither would Gertrude there nor petitioner here have had a claim against the estate or a standing in court without her agreement, her performance thereunder, and the breach of the agreement by the decedent. To the same effect is *Cole L. Blease*, 16 B. T. A. 972, cited in the *Davies* case, and we do not agree with petitioner that that case, as she contends with respect to the *Davies* case, is also distinguishable in principle.

Petitioner next contends that the $50,365.83, which her attorneys received as their legal fees, was not her money, was not income to her and should not be included as a part of her gross income.

She argues that she not only did not receive the $50,365.83, but that she was not entitled to receive it because the attorneys had an interest in the amount recovered through a lien provided by law and their right to enforce such lien against her. The recovered amount was based on her claim, it was in the amount sought and agreed upon and was a recovery of her claim, not that of her attorneys. The administrator issued a check for the amount of the judgment, plus interest, made payable to both petitioner and her attorneys. She endorsed the check, so that the attorneys, on their endorsement, could deposit it in their

bank account, and give her their check for the difference, after retaining their fees, which had been fixed by agreement between her and the attorneys. The administrator's check could have been handled just as well through petitioner's bank account, with petitioner giving her check to the attorneys for their fees. The administrator's check covered the amount due petitioner, which was the judgment plus interest. The recovery did not belong to the attorneys. They only had a lien on the fund payable to petitioner, and the right to retain or receive the amount of their fees for the services they had rendered to her. They had no right in or title to the amount recovered which would permit petitioner to treat it other than a part of her recovery and of her gross income. She is in the position of having assigned a percentage of the amount recovered to her attorneys for their legal services, and the amount paid under the assignment was her income. *Lucas* v. *Earl*, 281 U. S. 111. Consequently, the entire amount of $120,000 is includible in petitioner's gross income.

The next issue is whether respondent erred in not including the legal fees of $50,365.83, as a deductible amount, with the $120,000 in his computation of tax liability under section 107. In *Weldon D. Smith*, 17 T. C. 135,[2] that question was considered and decided contrary to the contention of the petitioner here. As pointed out in that case, back pay is afforded the treatment of allocation to applicable years simply because of the existence of section 107. Without this section, the entire amount would be income in the year it was received. Section 107 is silent as to expenses incurred in connection with any collection of back pay, and there is no authority for permitting the allocation of expenses. "To limit application of section 107 to amounts received less expenses connected with collection is not a function for the Court, but rather is a task for the Congress if that is the result which they wish." *Weldon D. Smith, supra,* at 144. The respondent is accordingly sustained on this issue.

At the trial herein the petitioner was granted leave to amend her petition, and by the amendment she alleged that the respondent is estopped from assessing and collecting the tax against her.

Her argument is that the respondent having considered the $120,000 to be a legacy for estate tax purposes, he is now estopped from taking the position in this proceeding that the $120,000 is income to her, and not a legacy.

Her contention is based on the testimony of the trust officer of the bank which served as administrator of the Hunter estate. He testified that after the amount of the judgment, with interest, was paid to petitioner, the administrator filed a claim for refund of Federal estate tax in the amount of $44,933.40; that the refund was requested

---

[2] Reversed on another point, *Commissioner* v. *Smith*, 203 F. 2d 310.

on account of several amounts, as set forth, including the amounts for the judgment and interest paid to petitioner; that there was a controversy between the estate and the revenue agents; that the revenue agents first agreed to allow a deduction of $5,000 and later agreed to a deduction of $12,500; that that amount was allowed by the revenue agents as compensation paid to petitioner, and was deductible for estate tax purposes; that it was his impression that the balance of the $120,000 was considered in lieu of a bequest as though petitioner was a legatee; that there were other matters involved in the negotiations which were also disposed of in the over-all settlement; and that the estate obtained a tax refund of $161.

Petitioner has not shown the elements necessary to invoke estoppel. There was no concealment or misrepresentation of facts by respondent; petitioner was not a party to the negotiations resulting in the estate tax refund; the disposition of the estate tax matter was not by judicial decision, but represented a settlement by agreement of respondent and the estate under administrative procedures; petitioner did not rely on or act on respondent's determination in the administrative disposition of the estate tax matter; and she has not shown that she suffered any detriment due to the acts of respondent's agents in the estate tax case. Obviously, we think, the essential elements of estoppel are not present here. See and compare *Burnet* v. *Porter*, 283 U. S. 230; *Tonningsen* v. *Commissioner*, 61 F. 2d 199; *McIlhenny* v. *Commissioner*, 39 F. 2d 356; and *Gilmer, Trustee* v. *United States*, 91 F. Supp. 887, wherein the Commissioner changed his position on a given matter *in re* the same taxpayer.

*Decision will be entered for the respondent.*