WALTER F. O'BRIEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89659. Filed August 22, 1962.

Henry D. O'Connor, Esq., for the petitioner.
Malin Van Antwerp, Esq., for the respondent.

OPINION.

RAUM, *Judge:* 1. The Commissioner's deficiency notice was based in large part upon his determination that the $16,173.05 awarded to petitioner in 1957 did not qualify as "back pay" within the meaning of section 1303 of the Internal Revenue Code of 1954.[1] However, this is no longer in issue, for the Commissioner has since conceded that petitioner is entitled to relief under section 1303. There remains, nevertheless, the question as to the proper method of applying these provisions.

The Commissioner insists that the entire $16,173.05 recovery is to be spread back among the years 1952–1955, as was done in petitioner's returns, but that the $8,243.10 legal expenses must be deducted in full in 1957. Petitioner, on the other hand, argues now that only that portion of his recovery remaining after the payment of expenses is to be spread back among the earlier years.

Although there may be considerable equity to the taxpayer's position, that is not the way the statute is written. Without the benefit of section 1303, there would be no relief whatever, and the relief granted cannot go beyond these very provisions. They provide merely for a computation of tax based upon "the inclusion of the respective portions of such back pay in the gross income for the taxable years to which such portions are respectively attributable." There is no provision whatever for spreading back any related expenses as was done in petitioner's returns.

---

[1] SEC. 1303. INCOME FROM BACK PAY.

(a) LIMITATION ON TAX.—If the amount of the back pay received or accrued by an individual during the taxable year exceeds 15 percent of the gross income of the individual for such year, the part of the tax attributable to the inclusion of such back pay in gross income for the taxable year shall not be greater than the aggregate of the increases in the taxes which would have resulted from the inclusion of the respective portions of such back pay in gross income for the taxable years to which such portions are respectively attributable, as determined under regulations prescribed by the Secretary or his delegate.

(b) DEFINITION OF BACK PAY.—For purposes of this section, the term "back pay" means amounts includible in gross income under this subtitle which are one of the following—

(1) Remuneration, including wages, salaries, retirement pay, and other similar compensation, which is received or accrued during the taxable year by an employee for services performed before the taxable year for his employer and which would have been paid before the taxable year except for the intervention of one of the following events:

   *      *      *      *      *      *      *

(B) dispute as to the liability of the employer to pay such remuneration, which is determined after the commencement of court proceedings;

The problem is not a new one. It was before us in *Weldon D. Smith*, 17 T.C. 135, reversed on another issue 203 F. 2d 310 (C.A. 2), where the taxpayer in 1945 had received $212,000 as back pay and had paid a legal fee of $25,000. There, the contentions of the parties were diametrically opposite to the positions herein, for it was the taxpayer in that case who argued that the entire amount of the legal fee was deductible in the year paid, and it was the Commissioner who contended that it should be allocated over each of the years in proportion to the amount of back pay applicable to each year. In deciding this issue for the taxpayer, the Court said (17 T.C. at 144):

Back pay is afforded the treatment of allocation to applicable years simply because of the existence of section 107 of the Code.[2] Without this section, the entire $212,000 would be income in 1945. Section 107 is silent as to expenses incurred in connection with any collection of back pay, and there are no regulations nor decisions which we have been able to find on the question. To limit application of section 107 to amounts received less expenses connected with collection is not a function for the Court, but rather is a task for Congress if that is the result which they wish. We therefore hold that petitioner is entitled to deduct the $25,000 legal expense in 1945.

We reached a similar result in *Ethel West Cotnam*, 28 T.C. 947, where the taxpayer had obtained a judgment of $120,000 in an action brought by her in an Alabama court against the estate of a decedent who had orally agreed during his lifetime to make a will bequeathing to her an amount equal to one-fifth of his estate in consideration for personal services rendered by her to him during the remainder of his life. In 1948, after the judgment was affirmed by the Supreme Court of Alabama, a check in the amount of the judgment was received, payable to her and her attorneys, with whom she had a contingent fee agreement. Upon endorsement of the check by the payees, her attorneys deposited the check in their bank account and, after retaining legal fees of $50,365.83, gave her their own check for the balance. The Commissioner allowed a deduction for the year 1948 of the amount of the legal fee, determined that the entire $120,000 was income to her, and computed the amount of her tax liability in accordance with the provisions of section 107 of the 1939 Code by apportioning the $120,000 over the years 1940 through 1944 when the services were rendered. The taxpayer contended not only that no part of the $120,000 was income to her, but in any event that the portion thereof used to pay legal fees (in the amount of $50,365.83) should not be included as a part of her gross income; and in the alternative she argued that the Commissioner erred in not allocating the legal fees to the years in which the services were rendered. This Court held that the $120,000 was the taxpayer's income and that her attorneys had only a lien which gave them the right to retain or receive the

---

[2] Section 1303 of the 1954 Code was derived from section 107 of the 1939 Code, and, to the extent pertinent, is substantially the same.

amount of their fees for their services. It also held, citing *Weldon D. Smith*,[3] that section 107 is silent as to expenses incurred in connection with any collection of back pay, and that there is no authority for permitting the allocation of such expenses.

Our decision in *Cotnam*, insofar as it related to the method of applying section 107 to the amount recovered by the taxpayer, was reversed in *Cotnam* v. *Commissioner*, 263 F. 2d 119 (C.A. 5). A majority of the judges on that court held that the amount of the contingent fee received by the taxpayer's attorneys out of the judgment recovered was not income to her and was excludible from her $120,000 recovery. In reaching that conclusion the majority placed considerable stress upon certain provisions of an Alabama statute relating to attorneys' liens.

In the present case there is room for argument that under Pennsylvania law (if the law of any State may be thought to be applicable with respect to recoveries in the United States Court of Claims) there is no attorneys' lien upon a judgment in a common law action, as distinguished from a proceeding in equity. The Commissioner so contends, and cites *Syme* v. *Bankers National Life Insurance Co.*, 161 A. 2d 29, 30. However, we think it doubtful that the Internal Revenue Code was intended to turn upon such refinements. For, even if the taxpayer had made an irrevocable assignment of a portion of his future recovery to his attorney to such an extent that he never thereafter became entitled thereto even for a split second, it would still be gross income to him under the familiar principles of *Lucas* v. *Earl*, 281 U.S. 111, *Helvering* v. *Horst*, 311 U.S. 112, and *Helvering* v. *Eubank*, 311 U.S. 122. The fee, of course, would be deductible, just as it was held to be in *Weldon D. Smith*. Cf. *Walter Petersen*, 38 T.C. 137. We reach the same result here. Petitioner is entitled to the benefit of section 1303 with respect to his $16,173.05 recovery in 1957 and may deduct the $8,243.10 legal expenses in that year; such legal expenses may not be spread back over earlier years, nor may the same result be achieved indirectly by subtracting the expenses from the recovery and then applying section 1303 to the reduced amount.

2. In computing the limitation on petitioner's 1957 tax liability under section 1303 it becomes necessary to redetermine his liability for each of the years 1952–1955, and, in this connection the Commissioner revised various deductions claimed by petitioner for those years. A stipulation of the parties has disposed of the matter as to two classes of deductions, namely, interest and taxes, and has fixed certain minimum expenditures for medical care. In addition we received testimony as to expenditures for drugs and charitable contributions. We did not find all of that testimony credible, and have made findings in

---

[3] The *Smith* case had meanwhile been followed in *Charles Spicer*, T.C. Memo. 1954–34, where the issue had again been raised.

respect of the contested deductions using our best judgment on all the evidence.

Reviewed by the Court.

*Decision will be entered under Rule 50.*