**Walter F. O'BRIEN, Petitioner**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14321.

United States Court of Appeals
Third Circuit.

Argued June 17, 1963.

Decided July 31, 1963.

Henry D. O'Connor, Haddonfield, N. J., for petitioner.

Norman Sepenuk, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief) for respondent.

Before BIGGS, Chief Judge, and STALEY and FORMAN, Circuit Judges.

PER CURIAM.

We find the decision of the Tax Court is correct in all respects and accordingly it will be affirmed on the excellent opinion of Judge Raum. 38 T.C. 707.

**CREWS OIL COMPANY, an Oklahoma corporation, Appellant,**

v.

**The SUPERIOR OIL COMPANY, a California corporation, Ambassador Oil Corporation, a Delaware corporation, Apache Corporation, a Delaware corporation, Appellees.**

No. 7245.

United States Court of Appeals
Tenth Circuit.

Aug. 7, 1963.

F. Paul Thieman, Jr., Tulsa, Okl., for appellant.

Franklin D. Hettinger, Tulsa, Okl. (Fenelon Boesche, R. B. McDermott and T. Hillas Eskridge, Tulsa, Okl., with him on brief), for appellee, Apache Corp.

C. Harold Thweatt, Oklahoma City, Okl. (Richard W. Fowler, Oklahoma City, Okl., with him on brief), for appellees, The Superior Oil Co. and Ambassador Oil Corp.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment on stipulated facts, wherein the trial Court refused to cancel part of an oil and gas lease, which appellant contends expired, for nondevelopment during its primary term. The appellant seeks to factually distinguish this case from Panhandle Eastern Pipe Line Company v. Isaacson, 10 Cir., 255 F.2d 669; Whitaker v. Texaco, Inc., 10 Cir., 283 F.2d 169; Cox v. Gulf Oil Corporation, 10 Cir., 301 F.2d 122; and Clovis v. Pacific Northwest Pipeline Corporation, 140 Colo. 552, 345 P.2d 729. But, we think this case is indistinguishably similar, and the judgment is Affirmed, on authority of those cases.

MURRAH, Chief Judge (concurring specially).

I agree that this case is indistinguishably similar to the cited cases. In view of the compulsory spacing and drilling unitization, there is nothing in the unexercised pooling option of the lease, which would justify a different result in this case. The failure of the lessee to exercise its pooling option, in no way affects the rule of the cited cases, i. e., that the entire lease is extended beyond its primary term, by production from a well within a prescribed drilling unit, which includes a portion (however small) of the lease.

The judgment must be affirmed, on authority of those cases, but I cannot consent to affirmance of the case without reaffirming my views expressed in Whitaker.