T. Michael Smith v. Commissioner.
Smith v. Commissioner
Docket No. 2879-66.
United States Tax Court
T.C. Memo 1967-206; 1967 Tax Ct. Memo LEXIS 56; 26 T.C.M. (CCH) 1017; T.C.M. (RIA) 67206; October 20, 1967
*56 John A. Overholt, for the petitioner. Harvey I. Lapin, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioner's income tax liability for the years 1960 and 1961 in the respective amounts of $15.50 and $10,835.69. Respondent's adjustments to petitioner's gross income for 1960 resulting in the deficiency of $15.50 for that year and the explanations thereof are set out in the statement attached to the notice of deficiency as follows: Taxable income as disclosed
by return
$ 3,983.77
Unallowable deductions and
additional income: (a) Exemptions
1,200.00
(b) Itemized deductions
4,522.50
Total
$ 9,706.27
Nontaxable income and addi-
tional deductions: (c) Section 1303 Income
4,778.92
Corrected adjusted gross in-
come
$ 4,927.35 Respondent's adjustments to petitioner's taxable income for 1961 were predicated on petitioner's receipt in that year of back pay for the years 1953 through 1960 and were explained in the statement attached to the notice of deficiency as follows: Taxable income as disclosed
by amended return
$ 330.01
Unallowable deductions and
additional income: (a) Section 1303 Income
60,546.54
Total
$60,876.55
Nontaxable income and addi-
tional deductions: (b) Legal fees
13,582.62
Corrected taxable income
$47,293.93
*57 Explanation of Adjustments (a) It has been determined that you received $67,051.08 of back pay from the United States Government which was income in 1961, when received by you. Since you previously reported $6,504.54 from this source, your income is increased by $60,546.54. It has been determined that you incurred legal expenses of $16,277.76 in connection with attorney's fees incurred to recover back pay which is deductible from adjusted gross income in 1961 when paid by you. Since you previously took a deduction for $2,695.14 for this expense, an additional deduction in the amount of $13,582.62 is allowed. Respondent's computation of the tax after such adjustments made pursuant to the provisions of section 1303, I.R.C. 1954, as interpreted by him, resulted in the deficiency of $10,835.69 determined for the year 1961. The petition herein alleges that of the total amount of these deficiencies ($10,851.19), "approximately Three Thousand Two Hundred and Ten Dollars and Fifty Cents ($3,210.50) is in dispute." The allegation of error in the petition reads as follows: 4. The determination of taxes set forth in the said Notice of Deficiency is based upon *58 the following errors: i. Assessing the said taxes on the gross proceeds received by the Petitioner covering the period 1953 through 1961, rather than the net proceeds received by him. ii. Refusal of the Commissioner to allow pro rating of Attorney's fees over the years 1953 through 1961. Petitioner on brief agrees with respondent's statement of the "Question Presented" as follows: Whether in computing the maximum limitation on the petitioner's 1961 income tax liability under section 1303 of the 1954 Internal Revenue Code, the petitioner could allocate legal expenses paid in the year 1961 in connection with a judgment against the United States for "back pay" over the years 1953 to 1960, inclusive. *
Aside from the cryptic footnote in the above quotation from respondent's brief, no reference has been made at the trial or on brief by either party to the deficiency determined for the year 1960. We assume either (1) that any issue relative to the deficiency for 1960 *59 has been abandoned by petitioner, or (2) that if there is any question before us concerning the deficiency for 1960 its resolution will be effected by our decision of the issue relating to the deficiency for 1961. Findings of Fact Most of the facts have been stipulated by the parties. We find them to be as stipulated and incorporate herein by this reference the stipulation and the exhibits identified therein. Petitioner resides in the District of Columbia and filed his federal income tax returns for the years in question with the district director of internal revenue, Baltimore, Maryland. During part of 1953 and prior years, petitioner was employed as a cost analyst with the Office of Synthetic Rubber, Reconstruction Finance Corporation. On July 6, 1953, he was wrongfully discharged from this position. On May 10, 1957, petitioner retained John I. Heise, Jr., a Washington attorney, as counsel to represent him in proceedings before the Court of Claims in the matter of his claim for back salary following his separation from a grade GS-12 position with the Reconstruction Finance Corporation on July 6, 1953, under which said attorney was to receive 25% of the total amount recovered *60 for services rendered in presenting the case to the Court of Claims. A retainer of $500 to be applied against the percentage of recovery was to be paid one-half on May 10, 1957, and the balance of $250 on or before September 20, 1957. The petitioner was to pay all disbursements in connection with the presentation of the claim regardless of the outcome. On November 2, 1960, the United States Court of Claims announced its decision in favor of petitioner in an opinion which stated that petitioner's claim was * * * founded upon an alleged violation, of the procedural guarantees of the Veterans' Preference Act, 5 U.S.C. 863, the regulations promulgated pursuant thereto, 5 CFR (1952 Supp.) 20.5, and upon the alleged arbitrary and capricious action of the officials of the Reconstruction Finance Corporation in abolishing plaintiff's position and reassigning him to the same abolished position in order to effect a wrongful separation under the guise of a reduction in force. The conclusion of the court was that petitioner was entitled "to recover his back pay from July 6, 1953, the date of separation, to date of judgment, at the rate of pay he was receiving on the *61 date of discharge, together with legislative and periodic step increases provided by law and regulations, less any outside earnings." On January 13, 1961, the United States Court of Claims entered the following judgment in favor of petitioner, who was plaintiff in the action before that court: On November 2, 1960, the court rendered an opinion, together with findings of fact, holding that the plaintiff was entitled to recover and entering judgment to that effect. The determination of the amount of recovery was reserved pending further proceedings pursuant to Rule 38(c). On January 10, 1961, the commissioner of this court filed a memorandum report recommending that, in accordance with the opinion of the court, judgment be entered for the plaintiff in the total amount of $67,051.08, representing accrued salary less outside earnings, of which sum $4,131.55 shall be paid from the judgment to plaintiff's retirement fund and $382.50 shall be paid from the judgment to the plaintiff's Federal Employees' Group Life Insurance Fund. NOW, THEREFORE, IT IS ORDERED this thirteenth day of January, 1961, that judgment be and the same is entered for the plaintiff in the total sum of sixty-seven *62 thousand fifty-one dollars and eight cents ($67,051.08). Immediately thereafter in January, 1961, the attorney representing petitioner before the Court of Claims wrote the following letter to the Claims Division of the General Accounting Office: Demand is hereby made for payment in accordance with the judgment in the amount of $67,051.08 entered on January?, 1961, in the captioned matter. The sum of $4,131.55 is to be paid to plaintiff's Retirement Fund and the sum of $382.50 to his Federal Employees' Group Life Insurance Fund. A power of attorney authorizes the undersigned to receive a check for the balance of $62,537.03 is enclosed. Petitioner's authorization of such payments accompanied that letter. On January 30, 1961, the petitioner paid John I. Heise, Jr., $16,277.76, in accordance with their agreement for the legal services rendered. The amount received and the expenses incurred by the petitioner are as follows: Recovery
$67,051.08
Legal Expenses: John I. Heise, Jr.
$16,277.76
Court Reporter
300.00
Court Costs, etc.
149.73
Total Expenses
16,727.49
Recovery after Expenses
$50,323.59
In 1963 petitioner filed income tax returns *63 for the years 1953 through 1960 which reflected a spread-back to those years of the back pay received by him in 1961. With the exception of the original return for 1956 and the amended returns for 1955, 1956 and 1957 (which showed no itemized deductions) these returns also reflected by way of deductions a spread-back of the attorney's fees and other costs incurred by petitioner incident to the litigation resulting in his recovery of the back pay for those years. Petitioner's amended return for 1961, filed on November 21, 1963, reported the receipt of income as a result of the Court of Claims' action in the amount of $6,504.54 and claimed a deduction of $2,695.14 of a payment to his attorney. Respondent computed petitioner's income tax for the year 1961 under section 1303, I.R.C. 1954 on the basis of his receipt in that year of back pay for the years 1953 through 1960 which should be spread back to those years for purposes of computing the tax due for 1961 but without any spreadback of the attorney's fee paid in connection with that action. Opinion KERN, Judge: The question involved in this case is similar to that presented and decided in the case of *64 Walter F. O'Brien, 38 T.C. 707, affirmed per curiam, 319 F. 2d 532, which cited Weldon D. Smith, 17 T.C. 135, rev'd on another issue, 203 F. 2d 310, and which discussed the case of Ethel West Cotnam, 28 T.C. 947, rev'd, 263 F. 2d 119. The O'Brien case sustains the position of respondent. In that case, as in this, a federal employee who had been wrongfully discharged from his position recovered "back pay" and contended that the legal expense incident to the recovery should be spread back among the years for which the "back pay" was recovered rather than be deducted in full in the year where the "back pay" was received and thelegal expense paid. In our opinion in that case at p. 710 we made the following statement: Although there may be considerable equity to the taxpayer's position, that is not the way the statute is written. Without the benefit of section 1303, there would be no relief whatever, and the relief granted cannot go beyond these very provisions. They provide merely for a computation of tax based upon "the inclusion of the respective portions of such back pay in the gross income for the taxable *65 years to which such portions are respectively attributable." There is no provision whatever for spreading back any related expenses as was done in petitioner's returns. Petitioner appears to argue that the payment of back pay received by him in 1961 was authorized by 5 U.S.C. sec. 652(b)(3) which we have quoted in the margin hereof, [1] that the quoted statute manifests in some way the Congressional intent that the payments received thereunder are to be "spread back equitably over the whole period," that this equitable result can only be accomplished by spreading back the "net realized salary," i.e. the back pay recovered less attorney's fees paid incident to its recovery, and that section 1303 I.R.C. 1954 should be construed in such a way as to accomplish the Congressional intent which was manifested according to petitioner's argument by the enactment of the quoted statute. Since this argument relating to 5 U.S.C. sec. 652(b)(3) was not specifically dealt with in our opinion in the O'Brien case, he would have us conclude that the O'Brien case cannot be considered as controlling our decision herein. In our opinion this *66 argument is without merit. Petitioner also argues that the approach to the problem before us which was taken by the Court of Appeals in Cotnam v. Commissioner, 263 F. 2d 119, rather than that taken in the O'Brien case, is the one which we should follow here. In the opinion of the court in that case, reaching a conclusion that the part of a money judgment payable to attorneys pursuant to a contingent fee agreement did not constitute taxable income of the plaintiff, great stress was laid on an Alabama Statute which had been held to give to an attorney *67 a lien equivalent to an equitable interest in the cause of action. Since in the instant case no similar District of Columbia statute exists, the Cotnam case is distinguishable on its facts. In any event no judge of the Court of Appeals in the Cotnam case expressed any view on the question here involved, which is not whether attorneys' fees paid by petitioner are includable in his income but is whether they may be spread back as deductions to prior years in computing his taxable income under section 1303. This question was not reached by the Court of Appeals in the Cotnam case, and therefore it can be of no help to the petitioner herein. On the authority of the O'Brien case we decide the issue here presented in favor of respondent. Decision will be entered under Rule 50. Footnotes
*. The deficiency in tax for the year 1960 arose as a result of the erroneous inclusion in that year of part of the back pay award. This inclusion was corrected in the statutory notice.↩
1. Any person removed or suspended without pay in a reduction in force who, after an appeal to proper authority, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period.↩