T.C. Memo. 1998-248


UNITED STATES TAX COURT


WILLIE MAE BARLOW DAVIS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4077-96.                    Filed July 7, 1998.


Robert E.L. Gilpin and Carla R. Cole, for petitioner.

Robert W. West, for respondent.


MEMORANDUM OPINION


FAY, Judge:  This matter is before the Court on respondent's motion for partial summary judgment and petitioner's motion for partial summary judgment filed pursuant to Rule 121.  The parties have filed various briefs and memoranda in support of and in opposition to these motions.

All section references are to sections of the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Respondent determined a deficiency in petitioner's Federal income tax of $1,441,736 for the taxable year 1992. Petitioner resided in Hayneville, Alabama, at the time the petition was filed in this case.

The parties agree that this case may be resolved in its entirety via summary judgment. The issues remaining for decision are whether punitive damages received by petitioner are includable in income and whether the amounts paid for attorney's fees should be excluded from petitioner's income.

## Background

The background facts related below are derived from the pleadings filed in this case, affidavits filed by respondent's counsel and petitioner's counsel, the parties' uncontroverted written representations, and the exhibits attached thereto.

During 1987 and 1988, petitioner owned a home in Alabama where she resided. During this time, American Home Improvement Services of Alabama, Inc. (American Home), was in the business of making home improvements and arranging for the financing of home improvements. Also during this time, Union Mortgage Co. (Union) made mortgage loans in Alabama.

In 1987, petitioner applied for a $2,000 home loan from American Home and was denied.  However, in July 1988, a representative of American Home contacted petitioner and advised her that her application could be approved if she made certain repairs to her house.  The repairs would cost $6,000, and this amount would be added to American Home's loan to petitioner.  On August 2, 1988, petitioner contracted with American Home to make the necessary repairs, and, in return, American Home lent $8,000 to petitioner.  Soon thereafter, American Home assigned the $8,000 mortgage to Union.  The day after the contracts were signed, petitioner decided against making the repairs and attempted to cancel the repair contract and mortgage loan.  However, representatives from American Home told petitioner that it was too late to cancel the repair contract, and the repairs were made to petitioner's home.[1]

On May 11, 1989, petitioner filed suit in the Circuit Court of Lowndes, Alabama, against Union and American Home.  The complaint sought compensatory and punitive damages for the defendants' alleged acts of fraud, conspiracy, and breach of contract.  The jury awarded petitioner a $6,153,000 verdict against Union, of which $152,000 was for compensatory damages and the remaining $6,001,000 consisted of punitive damages.  After a

---

[1]The documents ultimately received by petitioner indicate that, contrary to the representations made by American Home Improvement Services of Alabama, Inc., on Aug. 3, 1988, petitioner had until Aug. 5, 1988, to rescind the contracts.

hearing on the damages, the circuit court affirmed the jury's verdict. In its order, the court indicated that evidence of mental anguish supported the compensatory award and found that the punitive damages were not excessive. Union appealed the judgment to the Alabama Supreme Court, which affirmed the judgment but granted a remittitur of $2,000.[2] Union ultimately paid the judgment of $6,151,000 to petitioner's attorneys. Petitioner and her attorneys had entered into a contingent fee arrangement whereby the attorneys were entitled to a percentage of the proceeds arising out of her case, along with the related legal expenses. Petitioner's share of the jury award, after legal fees and expenses were deducted by her attorneys, amounted to $3,039,191.

Petitioner did not report any portion of the jury award as income on her Federal income tax return for 1992. In the notice of deficiency, respondent determined that petitioner is required to report the $6 million she received for punitive damages as income. Further, respondent determined that petitioner is entitled to deduct the attorney's fees and costs as a miscellaneous itemized deduction.

### Discussion

---

[2]The Court's opinion can be found at <u>Union Mortgage Co. v. Barlow</u>, 595 So. 2d 1335 (Ala. 1992). The amounts remitted related to the $1,000 compensatory damages and the $1,000 punitive damages awarded for the conspiracy claim.

A motion for summary adjudication may be granted if the pleadings and other materials demonstrate that no genuine issue of material fact exists, and the decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). As noted above, the parties agree that the issues in this case may be resolved by summary adjudication, and we are satisfied that no genuine issue exists as to the material facts.

First, we address whether the punitive damages petitioner received may be excluded under section 104(a)(2). Respondent contends that this issue is controlled by the recent Supreme Court decision in O'Gilvie v. United States, 519 U.S. 79, 117 S. Ct. 452 (1996). In O'Gilvie v. United States, supra, the Supreme Court held that the exclusion of section 104(a)(2) does not apply to punitive damages. Id. at ___, 117 S. Ct at 454. Therefore, respondent argues that petitioner's punitive damage award of $6 million is fully taxable.

Petitioner points out that the Supreme Court in O'Gilvie v. United States, supra, interpreted section 104(a)(2) as it read in 1988. Petitioner notes that section 104(a)(2) was amended in 1989, and since the award was paid to petitioner in 1992, petitioner argues that the rule in O'Gilvie does not apply to this case. We disagree. The 1989 amendment to section 104(a)(2) was enacted in the Omnibus Budget Reconciliation Act of 1989 (OBRA 1989), Pub. L. 101-239, sec. 7641(a), 103 Stat. 2106, 2379.

OBRA 1989 section 7641(b)(2)(B), 103 Stat. 2379, provides that the amendment to section 104(a)(2) shall not apply to any amount received pursuant to any lawsuit filed on or before July 10, 1989. Petitioner's lawsuit against Union was filed on May 11, 1989, 2 months before the effective date of the amendment. Therefore, this case is governed by section 104(a)(2) as it read before the amendment, which is the same version interpreted by the Supreme Court in O'Gilvie v. United States, supra. We conclude that O'Gilvie is controlling authority, and accordingly the punitive damages received by petitioner are not excludable under section 104(a)(2).

Next, we address whether the amounts retained by petitioner's attorneys should be excluded from petitioner's income. Respondent determined that petitioner must include the full amount of the punitive damages award in income but that she may deduct the attorney's fees as a miscellaneous itemized deduction. Petitioner contends that she is required to report as income only that portion of the award paid to her by her attorneys.

Petitioner relies on Cotnam v. Commissioner, 263 F.2d 119 (5th Cir. 1959), affg. in part and revg. in part 28 T.C. 947 (1957).[3] In Cotnam the taxpayer was awarded a judgment of

---

[3]The Court of Appeals for the Eleventh Circuit, which includes Alabama, has adopted as binding precedent the case law of the former Court of Appeals for the Fifth Circuit as of

(continued...)

$120,000 and paid attorney's fees of $50,365.83 pursuant to a contingent fee arrangement. The Commissioner treated the $120,000 as taxable income and allowed a deduction for the attorney's fees. The Court of Appeals for the Fifth Circuit held that the $50,365.83 in attorney's fees should not have been included in the taxpayer's income. Id. at 125.

Respondent makes several arguments to the effect that contingent attorney's fees should not reduce the amount of a judgment but constitute a miscellaneous itemized deduction. See, e.g., Baylin v. United States, 43 F.3d 1451 (Fed. Cir. 1995); Bagley v. Commissioner, 105 T.C. 396, 418-419 (1995), affd. 121 F.3d 393 (8th Cir. 1997). Under the Golsen rule, however, we follow the law of the circuit in which this case is appealable, here the Eleventh Circuit. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Under Bonner v. City of Prichard, Alabama, 661 F.2d 1206 (11th Cir. 1981), decisions of the former Court of Appeals for the Fifth Circuit are binding precedent for courts in the Eleventh Circuit. Respondent has not brought to our attention any legal authority that overrules the Court of Appeals for the Fifth Circuit's opinion in Cotnam v. Commissioner, supra, a case that is squarely

---

[3](...continued)
Sept. 30, 1981, unless and until such precedent is overruled or modified by the Court of Appeals for the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206 (11th Cir. 1981).

on point.  On brief, respondent candidly admits that this Court may feel constrained to follow the rule in <u>Cotnam</u>.  In fact, we do feel so constrained.[4]  Accordingly, we find that the portion of the award retained by petitioner's attorneys should be excluded from her income, and she is entitled to summary judgment on this issue.

We have considered all other arguments made by the parties and find them to be either irrelevant or without merit.

To reflect the foregoing,

> <u>An appropriate order granting petitioner's motion for partial summary judgment and granting respondent's motion for partial summary judgment will be issued, and decision will be entered under Rule 155</u>.

---

[4]Recently, the Bankruptcy Court for the Middle District of Alabama followed the rule in <u>Cotnam v. Commissioner</u>, 263 F.2d 119 (5th Cir. 1959), affg. in part and revg. in part 28 T.C. 947 (1957), notwithstanding the contrary authority in <u>Baylin v. United States</u>, 43 F.3d 1451 (Fed. Cir. 1995).  See <u>Hamilton v. United States</u>, 212 Bankr. 384 (Bankr. M.D. Ala. 1997).