T.C. Memo. 2005-29

UNITED STATES TAX COURT

DAN C. AND CASSANDRA T. WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18530-02.                    Filed February 17, 2005.

<u>Justin J. Zarcone</u> and <u>Brian P. Morrison</u>, for petitioners.

<u>Vivian N. Rodriguez</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Chief Judge</u>:  Respondent determined deficiencies in
petitioners' Federal income taxes for 1998 and 1999 as follows:

| Year | Deficiency |
| --- | --- |
| 1998 | $83,171 |
| 1999 | 80,220 |

The parties filed cross-motions for summary judgment pursuant to Rule 121[1] on the sole issue as to whether amounts paid to an attorney under a contingency fee arrangement may be excluded from petitioners' income.

Background

Petitioners Dan C. and Cassandra T. Williams resided in Marathon, Florida, at the time their petition was filed. During 1998, petitioners retained an attorney to represent them in a lawsuit against Ms. Williams's former employer for statutory employment discrimination under Federal and State laws and for tortious conduct under State law. As part of the retention agreement, petitioners' attorney was entitled to a contingency fee of 40 percent of the proceeds of the lawsuit, plus reimbursement for all costs.

Petitioners' attorney filed suit in the U.S. District Court for the Southern District of Florida. Prior to trial, petitioners settled all claims against Ms. Williams's former employer for $500,000. The settlement agreement provided for a release of all Federal and State claims in exchange for petitioners' receiving one $250,000 payment during 1998 and one in 1999. Petitioners' attorney received the payments in accord

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years at issue.

with the settlement agreement and deposited them into his trust account. During 1998 and 1999, he issued checks to petitioners in the amounts of $143,356 and $150,000, respectively. These payments consisted of the settlement payments net of attorney fees and costs. Accordingly, petitioners received net settlement proceeds of $293,356. Petitioners did not report the settlement proceeds on their 1998 or 1999 Federal income tax returns.

Discussion

The parties stipulated that petitioners may not exclude any portion of the settlement from gross income under section 104 and that petitioners' net receipts of $293,356 are includable in gross income under section 61(a). The sole issue remaining in dispute is whether that portion of the settlement representing the attorney's contingency fee of $206,644 should be included in petitioners' gross income for their 1998 and 1999 tax years.

Summary judgment is intended to expedite litigation and avoid unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A motion for summary judgment may be granted if there is no genuine issue as to any material fact. See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002). The moving party bears the burden of showing that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Bond v. Commissioner, 100 T.C. 32, 36

(1993); <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985). In this controversy, there is no dispute over any material fact, and a decision may be rendered as a matter of law. Consequently, this case is ripe for summary judgment.

Petitioners argue that they did not earn or have control over the contingency fee portion of the settlement payments and that the portion of the settlement that paid the attorney's fees is therefore not includable in their gross income. Conversely, respondent asserts that the contingency fee was an anticipatory assignment of income from petitioners to their attorney and includable in petitioners' gross income.

Until recently, there was a split of authority among the Courts of Appeals on this issue.[2] However, the U.S. Supreme

---

[2] Some Courts of Appeals held that taxpayers may not exclude attorney's fees from their gross income. See <u>Hukkanen-Campbell v. Commissioner</u>, 274 F.3d 1312 (10th Cir. 2001), affg. T.C. Memo. 2000-180; <u>Kenseth v. Commissioner</u>, 259 F.3d 881 (7th Cir. 2001), affg. 114 T.C. 399 (2000); <u>Young v. Commissioner</u>, 240 F.3d 369 (4th Cir. 2001), affg. 113 T.C. 152 (1999); <u>Alexander v. IRS</u>, 72 F.3d 938 (1st Cir. 1995), affg. T.C. Memo. 1995-51; <u>Baylin v. United States</u>, 43 F.3d 1451 (Fed. Cir. 1995); <u>O'Brien v. Commissioner</u>, 319 F.2d 532 (3d Cir. 1963), affg. per curiam 38 T.C. 707 (1962). Other Courts of Appeals held that a contingency fee paid to an attorney is not income to the taxpayer receiving a settlement. See <u>Foster v. United States</u>, 249 F.3d 1275 (11th Cir. 2001); <u>Estate of Clarks v. United States</u>, 202 F.3d 854 (6th Cir. 2000); <u>Cotnam v. Commissioner</u>, 263 F.2d 119 (5th Cir. 1959), affg. in part and revg. in part 28 T.C. 947 (1957). The Court of Appeals for the Ninth Circuit ruled on both sides of this issue. See <u>Banaitis v. Commissioner</u>, 340 F.3d 1074 (9th Cir. 2003), affg. in part and revg. in part T.C. Memo. 2002-5; <u>Coady v. Commissioner</u>, 213 F.3d 1187 (9th Cir. 2000), affg. T.C. Memo. 1998-291.

Court resolved the split in the Circuits after the submission of the cross-motions for summary judgment in this case, rendering moot much of the controversy here.  See Commissioner v. Banks, 543 U.S. ___, 125 S. Ct. 826 (2005).  The Court held that, generally, to the extent a litigant's recovery includes income, that income includes the portion of recovery that constitutes an attorney's contingent fee.  Id.  The Supreme Court's holding follows the view consistently held by this Court.  See Kenseth v. Commissioner, 114 T.C. 399, 408 (2000), affd. 259 F.3d 881 (7th Cir. 2001); O'Brien v. Commissioner, 38 T.C. 707, 712 (1962), affd. per curiam 319 F.2d 532 (3d Cir. 1963).  Nonetheless, we shall briefly address petitioners' contentions.

Petitioners argue that Cotnam v. Commissioner, 263 F.2d 119 (5th Cir. 1959), affg. in part and revg. in part 28 T.C. 947 (1957), is controlling in this case.[3]  In Cotnam, the Court of Appeals for the Fifth Circuit held that a contingency fee paid directly to a taxpayer's attorney was excludable from the taxpayer's gross income.  In so holding, the Court of Appeals relied heavily on the Alabama attorney lien statute, which the court concluded afforded the taxpayer's attorney an equitable assignment or lien, thus enabling the attorney to hold an equity

---

[3] The Court of Appeals for the Eleventh Circuit, which includes Florida, has adopted as binding precedent the caselaw of the former Court of Appeals for the Fifth Circuit, as of Sept. 30, 1981.  Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

interest in the taxpayer's cause of action. Under that reasoning, the Court of Appeals concluded that the attorney held the same rights as the client with respect to the contingency fee portion of the settlement and the taxpayer's attorney, not the taxpayer, realized the income with respect to the contingency fee.

We need not analyze the validity of this argument. The Supreme Court stated that regardless of whether State law purported to give attorneys an "ownership" interest in their fees, no State law of which it was aware converted the typical principal-agent relationship between the client and attorney to a partnership so that the contingency fee would not be taxable to the client-principal. Commissioner v. Banks, supra (discussing Cotnam v. Commissioner, supra at 125). Furthermore, because the arguments were not advanced at earlier stages in the litigation, the Court refused to address whether (1) the contingent-fee arrangement established a subchapter K partnership, (2) the attorney's fee constituted a capital expense, or (3) the fee was a deductible reimbursed employee business expense. Id. Accordingly, Commissioner v. Banks dictates that the entire amount of petitioners' recovery is included in petitioners' income.

Petitioners advance no arguments the Supreme Court did not consider. Therefore, petitioners have received income in an

amount that includes that portion of recovery that constitutes the attorney's contingent fee.

Gross income means all income from whatever source derived, unless excluded by law.  Sec. 61(a); <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 430 (1955).  We find no such exclusion in this case.  The contingency fee portion of petitioners' settlement is includable in their gross income, and the tax consequences cannot be avoided by assignment of a portion of the settlement to pay legal fees.  See <u>Commissioner v. Banks</u>, <u>supra</u>; <u>Helvering v. Horst</u>, 311 U.S. 112 (1940); <u>Lucas v. Earl</u>, 281 U.S. 111 (1930).

In summary, the Florida attorney lien law does not furnish a basis for excluding the contingency fee portion of petitioners' settlement from their gross income.  Accordingly, we hold that petitioners are to include in gross income the portion of the settlement representing attorney's fees in the amounts of $106,644 and $100,000 for the taxable years 1998 and 1999, respectively.

To reflect the foregoing,

<u>An order and decision</u>

<u>will be entered for respondent</u>.