**Dorothy M. THOMPSON,
Plaintiff–Appellee,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Defendant–Appellant.**

**Dorothy M. THOMPSON,
Plaintiff–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Defendant–Appellee.**

Nos. 88–3801, 88–3924.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1988.

Decided Feb. 2, 1989.

Elaine F. Ferris (James I.K. Knapp, Acting Asst. Atty. Gen., Gary R. Allen, Ann Belanger Durney, Bruce R. Ellisen, Tax Div., Dept. of Justice, Washington, D.C., on brief), for defendant-appellant.

Cindy S. Helmick (Nora A. Bailey, Ivins, Phillips & Barker, Washington, D.C., on brief), for plaintiff-appellee.

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

WILKINS, Circuit Judge:

The Commissioner of Internal Revenue (the IRS) appeals from a decision of the United States Tax Court that a liquidated damages award received by Dorothy M. Thompson under the Equal Pay Act of 1963, 29 U.S.C.A. § 206(d) (West 1978), was excludable from her gross income. Thompson cross appeals from the tax court holding that an award of back pay under the Equal Pay Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e, *et seq.* (West 1981), was includable in her gross income. We affirm.

I.

In 1973 Thompson instituted a class action against her employer, the United States Government Printing Office (the GPO), asserting sex discrimination claims under the Equal Pay Act and Title VII. The district court found that the GPO willfully violated the Equal Pay Act by paying higher wages to male employees than to female employees for equal work. *Thompson v. Boyle*, 499 F.Supp. 1147 (D.D.C. 1979), *aff'd in part and rem'd in part sub nom., Thompson v. Sawyer*, 678 F.2d 257 (D.C.Cir.1982). In 1982 Thompson received

$66,795.19 in back pay under the Equal Pay Act and Title VII, and $66,135.27 in liquidated damages under the Equal Pay Act.

Thompson reported the back pay award, but not the liquidated damages award, as income on her 1982 federal tax return. On audit, the IRS determined that the liquidated damages award was includable in her income and assessed a deficiency. Thompson petitioned the Tax Court for a redetermination of the deficiency, and also sought a refund, asserting that the back pay award was excludable from her gross income. The Tax Court found that the back pay award, but not the liquidated damages award, was includable in her income. *Thompson v. Commissioner,* 89 T.C. 632 (1987).

## II.

Section 61(a) of the Internal Revenue Code (the Code) provides generally that gross income includes "all income from whatever source derived." 26 U.S.C.A. § 61(a) (West 1988). However, section 104(a)(2) of the Code excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." 26 U.S.C.A. § 104(a)(2) (West 1988).

Treasury Regulation 1.104–1(c) defines the term "damages received (whether by suit or agreement)" as "an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights." 26 C.F.R. § 1.104–1(c) (1988). Although neither the Code nor the regulation defines "personal injuries," courts have held that "[d]amages received on account of personal injuries or sickness are not limited to physical trauma." *Church v. Commissioner,* 80 T.C. 1104, 1106 (1983), *quoted in Bent v. Commissioner,* 835 F.2d 67, 70 (3d Cir. 1987). Rather, "[t]he relevant distinction that should be made is between personal and nonpersonal injuries, not between physical and nonphysical injuries." *Roem-*

*er v. Commissioner,* 716 F.2d 693, 697 (9th Cir.1983).

■ This case presents the novel issues of whether an award of back pay under the Equal Pay Act and Title VII and an award of liquidated damages under the Equal Pay Act are excludable under section 104(a)(2). In determining whether an award of damages is excludable from gross income, the nature of the cause of action and the injury to be remedied must be identified. Here, we must determine if the awards were received for personal injuries through prosecution of a legal action based upon tort or tort-type rights.

### A.

■ Title VII generally prohibits employers from discriminating against employees on the basis of sex. In particular, sex discrimination with respect to compensation is prohibited except where a differential is authorized by the Equal Pay Act. 42 U.S.C.A. §§ 2000e–2(a), (h). The Equal Pay Act prohibits covered employers from discriminating between employees on the basis of sex in the payment of wages for equal work except in connection with a seniority system, a merit system, a quantity or quality production system, or a non-gender-based differential. 29 U.S.C.A. § 206(d)(1).

■ Employers who discriminate in the payment of wages are liable under both the Equal Pay Act and Title VII for back pay in the amount of the differential between the wages received and the wages which would have been paid absent the discrimination. 29 U.S.C.A. § 216(b) (1965 & Supp.1988); 42 U.S.C.A. § 2000e–5(g). Prevailing employees are entitled to relief under the Equal Pay Act and Title VII "so long as they do not receive overlapping relief for the same wrong." *Thompson v. Boyle,* 499 F.Supp. at 1171 (citing *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 445 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978)). An additional amount, equal to the back pay award, may be awarded under the Equal

Pay Act as liquidated damages[1] unless the employer shows that the violation was in good faith. 29 U.S.C.A. § 216(b); *Burnley v. Short,* 730 F.2d 136, 140 (4th Cir.1984).

### B.

After analyzing the statutory scheme we conclude that Thompson received the liquidated damages through prosecution of a tort-type claim for personal injuries. We conclude, however, that the claim for back pay was essentially a contractual claim for accrued wages. Thus, the Tax Court correctly held the liquidated damages award excludable under section 104(a)(2), and the award of back pay includable in gross income.

■ A tort action is one for "a direct invasion of some legal right of the individual" independent of contract. Black's Law Dictionary 1335 (5th ed. 1979). As the Tax Court noted, the right to be free from unreasonable gender discrimination is a personal right. *Davis v. Passman,* 442 U.S. 228, 235 n. 10, 99 S.Ct. 2264, 2271 n. 10, 60 L.Ed.2d 846 (1979). Thus, sex discrimination actions in general are tort or tort-type actions and damages awarded for violation of that right are damages for personal injuries.

■ However, the Tax Court correctly recognized that "an amount paid as back pay under [the Equal Pay Act] is more in the nature of a payment for a contract violation than for a tort-type right." 89 T.C. at 646. Back pay under the Equal Pay Act is "deemed to be unpaid minimum wages or unpaid overtime compensation." 29 U.S.C.A. § 206(d)(3). Thompson performed essentially the same work as her male co-workers for which she should have received equal pay. The back pay award was simply recovery for earned, but unpaid, wages which distinguishes her award of back pay from awards for lost wages or lost income in traditional personal injury/tort actions. She received compensation for services rendered whereas a tort plaintiff receives compensation for the ina-

bility to earn an income due to the tortious action of a defendant. *See Threlkeld v. Commissioner,* 848 F.2d 81 (6th Cir.1988); *Bent v. Commissioner,* 835 F.2d 67 (3d Cir.1987); *Roemer v. Commissioner,* 716 F.2d 693 (9th Cir.1983).

Further, the purpose of the Equal Pay Act is to ensure equal pay for equal work regardless of the gender of the employee. The amount of the award is calculated based on the wage differential between similarly situated male and female employees without regard to tax consequences. *See United States v. Lee Way Motor Freight, Inc.,* 625 F.2d 918, 940 (10th Cir. 1979); *Curl v. Reavis,* 608 F.Supp. 1265, 1269 (W.D.N.C.1985). If the back pay award were excluded from gross income, Thompson would be placed at an advantage over her male co-workers, who presumably reported their total earned wages as gross income.

In contrast to the award of back pay, Thompson's liquidated damages award was not earned income. Rather, it served both as a deterrent to ensure compliance with the Act, *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 710, 65 S.Ct. 895, 903, 89 L.Ed. 1296 (1945), and as "compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages," *id.* at 707, 65 S.Ct. at 902. *See Thompson v. Sawyer,* 678 F.2d at 281. As such, the liquidated damages award constituted compensation received through a tort or tort-type action for personal injuries.

AFFIRMED.

---

**1.** The amount of back pay and liquidated damages awarded Thompson were not equal due to differing limitation periods under Title VII and the Equal Pay Act.