JULIA B. BENNETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bennett v. Commissioner
Docket No. 9341-92
United States Tax Court
T.C. Memo 1994-190; 1994 Tax Ct. Memo LEXIS 186; 67 T.C.M. (CCH) 2817; 64 Fair Empl. Prac. Cas. (BNA) 1331; April 28, 1994, Filed *186 Decision will be entered for petitioners. For petitioner: David T. Popwell. For respondent: John R. Keenan. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 7,664.82 in petitioner's Federal income tax for 1988 and an addition to tax under section 6651(a)(1) in the amount of $ 1,669.98. Respondent concedes petitioner is entitled to a charitable contribution deduction in the amount of $ 5,136.25, which was disallowed in the notice of deficiency. *187 The issues for decision are: (1) Whether petitioner is entitled to exclude from gross income under section 104(a)(2) liquidated damages awarded to her for violation by her employer of the Equal Pay Act of 1963 (Equal Pay Act), Pub. L. 88-38, sec. 3, 77 Stat. 56, 56-57 (current version at 29 U.S.C. sec. 206(b); and (2) whether petitioner is liable for the section 6651(a)(1) addition to tax. This case was submitted fully stipulated under Rule 122. Accordingly, the facts so stipulated are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Memphis, Tennessee. Petitioner is an employee of the office of the Clerk of the Shelby County Criminal Court at Memphis, Tennessee (the Clerk's office). Her employment with that office commenced September 1, 1976. She was employed by that office throughout 1988, the year at issue. On November 3, 1983, one of the female employees in the Clerk's office initiated administrative proceedings with the Equal Employment Opportunity Commission (EEOC), an agency of the United States Government, complaining of violations by the Clerk's office of the Equal Pay Act, 29 U.S.C. sec. 206 *188 (d) (1988), and title VII of the Civil Rights Act of 1964, Pub. L. 88-352, 78 Stat. 253 (current version at 42 U.S.C. sec. 2000e -2 (1988)). On July 22, 1985, the EEOC filed suit in the United States District Court for the Western District of Tennessee against the Clerk of the Shelby County Criminal Court, the Shelby County Government, and the Board of Commissioners of Shelby County, Tennessee, seeking relief for 14 female employees of the Clerk's office under the Equal Pay Act. [2] Petitioner was among the employees for whom relief was sought in this proceeding. In the suit, the EEOC alleged that the defendants violated the Equal Pay Act, 29 U.S.C. sec. 206(d)(1) (1988), which provides that "no employer * * * shall discriminate * * * between employees on the basis of sex by paying wages to employees * * * at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex * * * for equal work on jobs * * * which require equal skill, effort, and responsibility, and * * * performed under similar working conditions". On September 22, 1988, the United States District Court found that *189 the Clerk's office was in willful violation of the Equal Pay Act in that the Clerk's office did not pay the affected female employees wages or salaries equal to the wages or salaries paid to male employees within the meaning of the Equal Pay Act. The court awarded the affected employees, which included petitioner, back pay for 3 years prior to the date suit was filed; the defendants were ordered to prospectively increase each employee's salary to an amount equal to that of their counterpart male employees; the defendants were enjoined from further violations of the Equal Pay Act; and the defendants were ordered to pay the affected employees liquidated damages. The court denied EEOC's request for prejudgment interest. [3]
*190 Pursuant to the court's decision, petitioner received back pay in the amount of $ 18,837 during 1988. This amount was reported as income on her 1988 income tax return. Petitioner also received, during 1988, liquidated damages in the amount of $ 19,276.90, which she reported as "other income" on her income tax return, but for which she took a corresponding deduction under "adjustments to income" for "liquidated damages". Thus, petitioner claims the $ 19,276.90 is excludable from income under section 104(a)(2). [4] In the notice of deficiency, respondent determined that the $ 19,276.90 was not excludable under section 104(a)(2). Petitioner does not claim that the $ 18,837 back pay is excludable under section 104(a)(2). Section 61(a) *191 provides generally that gross income means all income from whatever source derived, except as otherwise provided. For our purposes here, one of the provided exceptions is section 104(a)(2), which excludes from gross income "damages received * * * on account of personal injuries or sickness." The term "damages received" includes payments received through prosecution or threat of prosecution of a legal action based on tort or tort-type rights, or through a settlement agreement entered into in lieu of a prosecution. Sec. 1.104-1(c), Income Tax Regs.; Downey v. Commissioner, 97 T.C. 150, 160 (1991). The question whether an award for back pay and liquidated damages for sex discrimination violations of the Equal Pay Act constitutes "damages received" for purposes of section 104(a)(2) was considered by this Court in Thompson v. Commissioner, 89 T.C. 632 (1987), affd. 866 F.2d 709 (4th Cir. 1989). In that case, this Court held that the award for back pay did not constitute "damages received" under section 104(a)(2). That phase of the case is not at issue here because petitioner reported her back *192 pay as income and does not now claim the section 104(a)(2) exclusion for the back pay. However, liquidated damages are at issue, as they were in Thompson v. Commissioner, supra. This Court concluded in the Thompson case that liquidated damages for sex discrimination violations of the Equal Pay Act constituted damages for personal injuries that were excludable from gross income under section 104(a)(2). As noted above, this Court's decision in the Thompson case was affirmed by the Fourth Circuit Court of Appeals. Respondent contends that the conclusion of this Court in Thompson v. Commissioner, supra, that liquidated damages under the Equal Pay Act are excludable under section 104(a)(2) should be revisited in light of the recent Supreme Court case of United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). That case involved back pay awarded to the taxpayer for a sex discrimination violation of title VII of the Civil Rights Act of 1964, Pub. L. 88-352, title VII, sec. 701, 78 Stat. 253. There was no award, in that case, for "liquidated damages" as such. The Supreme Court held that the exclusion from income under section *193 104(a)(2) is available only for damages received on account of a claim that redresses a tort-like personal injury. The Court acknowledged that, even though the taxpayer suffered a harm, standing alone, that did not mean that the amount awarded was for a tort-like personal injury. The Court noted that one of the hallmarks of traditional tort liability is the availability of a broad range of damages to compensate a victim for tort-like elements, such as intangible elements of injury that are not pecuniary in their immediate consequences, as well as punitive or exemplary damages where the tort feasor's conduct is intentional or negligent. But such damages, the Court noted, were not provided for or included within the remedies available under title VII of the Civil Rights Act of 1964 then in effect. The available remedies under title VII were limited to back pay, injunctions, and other equitable relief. Thus, the Supreme Court concluded "we cannot say that a statute such as title VII, whose sole remedial focus is the award of back wages, redresses a tort-like personal injury within the meaning of section 104(a)(2) and the applicable regulations". United States v. Burke, 504 U.S.    , 112 S. Ct. 1874 *194 (fn. ref. omitted). The Court accordingly held that the taxpayer's back pay award was not excludable under section 104(a)(2). The rationale of United States v. Burke, supra, is that only damages received on account of a claim that redresses a tort-like personal injury are excludable under section 104(a)(2). United States v. Burke, 504 U.S.    , 112 S. Ct. 1872. Respondent argues here that the Equal Pay Act does not redress a tort or a tort-type personal injury; therefore, the liquidated damages awarded petitioner are not excludable from gross income under section 104(a)(2). Respondent contends that, even though petitioner's award was characterized as "liquidated damages", the award was really prejudgment interest, and, as such, the interest is taxable income. [5]
*195 Respondent agrees on brief that the primary difference between the remedies available under title VII of the Civil Rights Act and the Equal Pay Act is that title VII of the Civil Rights Act does not include, as a remedy, the provision for liquidated damages, whereas the Equal Pay Act does expressly allow a recovery for liquidated damages. However, respondent argues, just because the Equal Pay Act allows liquidated damages, that does not mean that an award for liquidated damages constitutes redress for a tort or a tort-like personal injury for purposes of section 104(a)(2). In actuality, respondent argues, liquidated damages under the Equal Pay Act are a substitute for interest on the back pay awarded. Respondent cites Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945), in support of this argument. In that case, the Supreme Court held that prejudgment interest was not recoverable in a claim under the Fair Labor Standards Act because the act allowed recovery of liquidated damages as compensation for delay in payment of sums due under the act. To allow recovery of interest, the Court reasoned, would constitute double compensation. Respondent acknowledges *196 that the Portal-to-Portal Pay Act of 1947, 61 Stat. 84, 29 U.S.C. sec. 251 (1988), legislatively overruled Brooklyn Savings Bank v. O'Neil, supra, wherein the award of liquidated damages was made discretionary for violations of the Fair Labor Standards Act, 52 Stat 1060, 29 U.S.C. sec. 201 (1988 Supp. I). Since the enactment of the Portal-to-Portal Pay Act, respondent argues that courts have often awarded interest in cases under the Fair Labor Standards Act where liquidated damages were not awarded. But, respondent argues, where liquidated damages are awarded, prejudgment interest has not been awarded. Thus, respondent contends, "The purpose of the damage provisions of the Fair Labor Standards Act is to make whole an employee whose rights were violated", and that, "It is clear from the above that an award of liquidated damages under the Equal Pay Act is compensation to a litigant for the delay in payment of the back pay owed to the litigant." Although liquidated damages may compensate an employee for the delay in the employee's receipt of back pay, the Court disagrees with *197 respondent's argument that the provision for liquidated damages in the Equal Pay Act is restricted to the meaning ascribed by respondent or that the analogy of Brooklyn Savings Bank v. O'Neil, supra, is applicable. The cases do not support respondent's argument. In Downey v. Commissioner, 97 T.C. 150 (1991) (Downey I), this Court held that "nonliquidated" and "liquidated" damages recovered by a taxpayer under the Age Discrimination in Employment Act of 1967 (ADEA), Pub. L. 90-202, 81 Stat. 602, were excludable from income under section 104(a)(2). In Downey v. Commissioner, 100 T.C. 634 (1993) (Downey II), this Court reconsidered the case, on respondent's motion, in light of United States v. Burke, supra. In Downey II, this Court stated: In contrast to title VII, the ADEA offers a range of remedies, including both unpaid wages and "liquidated damages". Liquidated damages under the ADEA have been held to "serve both a compensatory and a deterrent or punitive function." Downey v. Commissioner, supra at 172; Rickel v. Commissioner, 92 T.C. 510, 521 (1989), *198 revd. on other grounds 900 F.2d 655 (3d Cir. 1990). "Liquidated damages" under the ADEA serve to compensate the victim of age discrimination for certain nonpecuniary losses. Downey v. Commissioner, supra at 170. This is a remedy traditionally associated with tort claims. United States v. Burke, 504 U.S. at    , 112 S. Ct. at 1873. The fact that "liquidated damages" also serve a deterrent or punitive purpose further supports the conclusion that a claim under the ADEA is tortlike. Indeed, the Supreme Court in Burke noted that punitive or exemplary damages are generally available in tort actions where the defendant's misconduct was intentional or reckless. Id. at    , 112 S. Ct. at 1871, 1872; see Horton v. Commissioner, supra (holding punitive damages received on account of personal injury excludable under section 104(a)(2)). [Downey II, supra at 637; fn. ref. omitted.] Downey v. Commissioner, 100 T.C. at 637. The Court concluded in Downey II that the "ADEA compensation scheme evidences a tortlike conception of injury and remedy." Id. The Court *199 reaffirmed the original holding in Downey I and held the taxpayer's liquidated damages were excludable under section 104(a)(2). The holding in Downey II was followed in Cassino v. Commissioner, T.C. Memo. 1994-65, which also involved back pay and liquidated damages under the ADEA. In Thompson v. Commissioner, 89 T.C. at 637, this Court held: Under 29 U.S.C. section 216(b), liquidated damages in an amount equal to the unpaid wages due the employee under the Equal Pay Act are automatically payable by an employer who has been found to have violated the statute, without any additional showing (aside from showing the original violation of the Equal Pay Act) of loss or harm to the employee. As a result, no additional showing of harm was required to support the award of liquidated damages, and no such evidence was presented at trial.
A trial judge may, in the exercise of discretion granted under 29 U.S.C. section 260, remit all or a part of the liquidated damages if the trial judge determines that the employer had reasonable grounds for *200 believing that it was not in violation of the Equal Pay Act. The trial judge declined to exercise his discretion to remit liquidated damages in the Thompson v. Sawyer, case, supra, and his decision was upheld on appeal. [Emphasis added.] Thus, to recover liquidated damages under the Equal Pay Act, the claimant or affected employee is not required to prove the injuries sustained or the amounts which would be required to make the injured employee whole for any injuries. As the Court noted above, the amount of liquidated damages is "automatic". The offending employer is relieved or exonerated from liquidated damages only if the Court finds the employer had reasonable grounds to believe that the Act was not violated. An exonerated employer, therefore, is not relieved of liquidated damages because prejudgment interest was allowed, nor is an employer held liable for liquidated damages because prejudgment interest was not allowed. In determining whether an award is excluded from income under section 104(a)(2), the relevant inquiry is whether the settlement or award was received on account of personal or nonpersonal injuries, not whether the damages compensate the taxpayer *201 for economic losses. Byrne v. Commissioner, 883 F.2d 211, 214 (3d Cir. 1989), revg. 90 T.C. 1000 (1988). The meaning of "liquidated damages" is best described in Thompson v. Commissioner, 866 F.2d 709, 712 (4th Cir. 1989), affg. 89 T.C. 632, where the Court stated: In contrast to the award of back pay, Thompson's liquidated damages award was not earned income. Rather, it served both as a deterrent to ensure compliance with the Act, Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 710 (1945), and as "compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages," id. at 707. See Thompson v. Sawyer, 678 F.2d at 281. As such, the liquidated damages award constituted compensation received through a tort or tort-type action for personal injuries. Affirmed. [Id.; emphasis added; citations omitted.] The meaning of the term "liquidated damages" was not considered by the *202 Supreme Court in United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). In that case, there were no liquidated damages involved. This Court, therefore, rejects respondent's contention that United States v. Burke, supra, warrants further consideration of the meaning of "liquidated damages" or the reversal of this Court's decision in Thompson v. Commissioner, supra.
Finally, respondent argues that, under common law tort principles, punitive damages may be awarded to a litigant even though the litigant has not suffered any pecuniary or physical harm; however, under the Equal Pay Act, liquidated damages can be awarded only if the litigant is awarded back pay. Thus, if an employee is not awarded back pay in an action under the Equal Pay Act, there can be no liquidated damages awarded to the employee, even though the employer is found to have violated the Equal Pay Act. Thus, respondent argues, by analogy, the award for liquidated damages for violations of the Equal Pay Act necessarily means that the award is for interest on the unpaid wages. This Court rejected a similar argument in Thompson v. Commissioner, 89 T.C. at 650, *203 where the Court stated: Respondent argues that the liquidated damages are in the nature of interest on the back pay, but there is nothing in the statute or the record to support this argument. The amount is not geared to the number of years the back wages owed have been outstanding, but rather is by statute placed as an amount equal to the back pay. On the record in this case, we conclude that the $ 66,135.27 amount of liquidated damages awarded to petitioner was damages awarded because she was discriminated against on the basis of sex. Therefore, this award is damages for personal injuries excludable from petitioner's income under section 104(a)(2). There is nothing in United States v. Burke, supra, that warrants a reversal of this Court's position on this argument. Respondent's argument, therefore, is rejected. The Court concludes that petitioner's liquidated damages under the Equal Pay Act are excluded from income under section 104(a)(2). Petitioner is sustained on this issue. Respondent determined the addition to tax under section 6651(a)(1). This addition to tax applies where the tax return is not timely filed, unless the taxpayer shows that the failure to *204 timely file was due to reasonable cause and not due to willful neglect. The parties stipulated that petitioner's 1988 income tax return was filed on February 25, 1991. Under section 6072(a) and section 1.6072-1(a), Income Tax Regs., petitioner's 1988 income tax return was due to be filed on or before April 15, 1989. Petitioner presented no evidence to establish that the failure to file her return on or before the due date was due to reasonable cause and not due to willful neglect. The addition to tax under section 6651(a)(1) is a percentage of the "amount required to be shown as tax on such return"; however, under section 6651(b)(1), the "amount of tax required to be shown as tax on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return". The tax shown on petitioner's 1988 return was $ 5,927. Petitioner claimed withholding credits of $ 6,911.88. Thus, petitioner overpaid her taxes by the amount of $ 984.88 and claimed a refund for that amount. In the notice of deficiency, respondent made two adjustments to petitioner's *205 return: (1) The disallowance of $ 5,136.25 in charitable contributions claimed on Schedule A as an itemized deduction; and (2) the disallowance of the exclusion of $ 19,276.90 under section 104(a)(2). Respondent conceded petitioner's entitlement to the $ 5,136.25 deduction for charitable contributions, and the Court holds that petitioner is entitled to the section 104(a)(2) exclusion of the $ 19,276.90 liquidated damages. Since there were no other adjustments to petitioner's 1988 income, the "tax required to be shown on the return" was $ 5,927. The withholding tax credits exceeded that amount. Therefore, by virtue of section 6651(b)(1), petitioner is not liable for the addition to tax, nor is petitioner liable for the $ 100 minimum addition to tax provided by the last sentence of section 6651(a)(1) because there was no underpayment of tax. See Patronik-Holder v. Commissioner, 100 T.C. 374 (1993). Decision will be entered for petitioner.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. This case was initially filed as a small tax case under sec. 7463. At trial, respondent filed a written motion to remove the case from consideration under sec. 7463. Counsel for petitioner had no objection. The motion was granted.↩
2. The suit by EEOC did not seek relief under title VII of the Civil Rights Act because the EEOC is statutorily prohibited from seeking judicial enforcement of title VII against State and local governments. 42 U.S.C. sec. 2000e↩ -5(f)(1) (1988).
3. The Fair Labor Standards Act of 1938 (FLSA), ch. 676, sec. 16(b), 52 Stat. 1060, 1068 (current version at 29 U.S.C. sec. 216(b) (1988)) provides that, "Any employer who violates the provisions of section 206 or section 207 * * * shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Additionally, sec. 216(b)↩ provides that "The Court * * * shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The District Court's Findings of Fact & Conclusions of Law, which is part of the stipulated facts, is silent with respect to attorney's fees and costs, nor does the record otherwise indicate whether attorney's fees and costs were awarded the affected employees.
4. Even though the FLSA, 29 U.S.C. sec. 216(b) (1988)↩ provides that the liquidated damages are equal to the unpaid wages, the record of this case does not establish why the awarded amount of $ 19,276.90 exceeds the $ 18,837 back pay awarded petitioner.
5. In Kovacs v. Commissioner, 100 T.C. 124 (1993), this Court held that statutorily imposed interest on a wrongful death award is not excludable from income under sec. 104(a)(2) based on Riddle v. Commissioner, 27 B.T.A. 1339↩ (1933), which held that "interest" is not a part of "damages", since it is separately computed and designated as interest.